| | | |
|---|---|---|
| BEATDOWN OUTDOOR PRODUCTS, LLC, | \| | |
| Plaintiff, | \| | Cause No.: 2:26-cv-4106 |
| -vs- | \| | |
| HD INNOVATIONS CO. | \| | **JURY TRIAL DEMANDED** |
| Serve: Jason Matthew Young | \| | |
| 7540 Fox River Road | \| | |
| Burlington, WI 53105 | \| | |
| Defendant. | \| | |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, Plaintiff BeatDown Outdoor Products, LLC doing business as Beatdown Outdoors, ("Plaintiff") by and through its undersigned counsel and for its Complaint for Declaratory Relief against Defendant HD Innovations, Co. ("Defendant") and states as follows:

## PARTIES

1. Plaintiff is a Missouri limited liability company organized under the laws of the state of Missouri and in good standing with its principal place of business located at 29723 Hwy 50, Sedalia, MO 65301. Plaintiff sells its various boat mount products, parts, and accessories in the continental United States and engages in systematic and continuous commerce in this District.

2. Defendant is a Wisconsin corporation organized under the laws of the state of Wisconsin. Upon information and belief, Defendant sells its various sonar

products in the continental United States and engages in commerce in this District.

3. Plaintiff is the owner of certain trademark rights in the mark "FLEX HD".

4. Plaintiff has continuously used the FLEX HD marks throughout the United States, including this District, since at least as early as 2024.

5. Defendant has also applied for registration of HD INNOVATIONS with the USPTO as U.S. Trademark Serial Numbers 99/563,755 and 99/563,757.

6. Defendant claims to have used the HD INNOVATIONS marks throughout the United States since at least as early as May 1, 2024.

## JURISDICTION AND VENUE

7. This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §2201, et seq., and the Lanham Act, 15 U.S.C. §1051, et seq.  Subject matter jurisdiction is predicated upon 28 U.S.C. §1331, 1338, 1367, 2201, and 2202.

8. Personal jurisdiction is proper because Defendant has threatened Plaintiff with legal action based on allegations of similarities between Plaintiff and Defendant's marks on products sold nationwide, including in Missouri.

9. Thus, Plaintiff has a reasonable apprehension that it will face continuing legal action for trademark infringement and an actual controversy within the meaning of 28 U.S.C. §§2201 and 2202 exists between Plaintiff and Defendant relating to the alleged infringement.  A judicial declaration is necessary and appropriate to resolve this controversy.

10. This Court has personal jurisdiction over Defendant for this action because Defendant activities are within the United States, including filing U.S. trademark applications.

11. Venue is proper in this judicial district under 28 U.S.C. §1391(b) because Defendant is subject to the Court' personal jurisdiction with respect to this action.

## NATURE OF THE ACTION

12. This is an action under the Lanham Act, 15 U.S.C. § 1051 et seq., for declaratory and injunctive relief concerning ownership, priority, and rights in the trademark HD in the United States.

13. Plaintiff seeks a declaration that it has priority of use of the FLEX HD Marks in U.S. commerce and is entitled to federal trademark registration.

14. Plaintiff further seeks to enjoin Defendant from asserting rights in the HD INNOVATIONS Marks, prosecuting or relying upon its Federal trademark applications, and interfering with Plaintiff's use and registration of its FLEX HD Marks.

15. A real and immediate controversy exists regarding ownership, priority, and rights.

16. Defendant's conduct creates risk of enforcement and harm.

## FACTUAL BACKGROUND

17. Plaintiff is and has been in the business of manufacturing and distributing various boat mount products, parts, and accessories in the United States since June 2020. In connection with this business, Plaintiff offers and sells such products.

18. Plaintiff has used and continues to use the FLEX and the FLEX HD marks in U.S. commerce in connection with various boat mount products, parts, and accessories

since at least 2021 and 2024, respectively. In view of this substantial use, Plaintiff is significantly invested, has a real interest in the FLEX and FLEX HD marks, and owns common law rights to the FLEX and FLEX HD marks.

19. On December 23, 2025, Defendant filed a trademark application for the mark HD INNOVATIONS word mark in Class 9 for sonar equipment and parts thereof and Class 35 for on-line retail store services featuring outdoor fishing and sonar equipment and accessories.  This was assigned Serial No. 99/563,755 (the "755 Application").

20. On December 23, 2025, Defendant filed a trademark application for the mark HD INNOVATIONS design mark in Class 9 for sonar equipment and parts thereof and Class 35 for on-line retail store services featuring outdoor fishing and sonar equipment and accessories.  This was assigned Serial No. 99/563,757 (the "757 Application"). The mark consists of stylized writing of "HD INNOVATIONS.COM" centered in a circle shape:



21. Moreover, because Plaintiff is in the business of manufacturing, distributing and selling the goods identified in Defendant's 668 Application and 987 Application , any resulting registration will interfere with the Plaintiff's current business. Plaintiff therefore has a real interest in opposing Defendant's attempts to register

the CUMHURIYET marks and the entitlement to a statutory cause of action to bring this action.

22. Plaintiff will be harmed by issuance of the registration for the Defendant's marks sought by the 755 Application and the 757 Application because it would support exclusive rights in the marks that Defendant has asserted against Plaintiff.

23. Additionally, Plaintiff has used the word marks FLEX and FLEX HD in interstate commerce in the United States continuously since at least 2021 and 2024, respectively, in connection with the sale of goods.

24. As a result of its widespread, continuous, and exclusive use of FLEX and FLEX HD to identify its goods and Plaintiff as their source, Plaintiff owns valid common law rights to "FLEX" and "FLEX HD".

25. Defendant has never used the FLEX nor FLEX HD in United States, whereas Plaintiff has been selling its products under "FLEX" and "FLEX HD" marks since at least as early as 2021 and 2024, respectively.

26. Plaintiff's mark has priority over the FLEX and FLEX HD marks because Plaintiff's use predates Defendant's use in the United States.

27. Defendant alleges that its HD INNOVATIONS marks are confusingly similar to Plaintiff's FLEX HD mark and are likely to cause confusion. In particular, Defendant claims exclusive use of the descriptive term "HD".

28. Defendant alleges that Plaintiff's use of FLEX HD is confusingly similar to its use of HD INNOVATIONS.

29. It should be noted that the "HD" in FLEX HD is simply a descriptive addition to stand for "Heavy Duty". It should further be noted that Defendant's use of "HD"

is also an extremely common descriptive abbreviation for "High Definition" and should be a required disclaimer is association with sonar equipment.

30. Ultimately, Plaintiff adopted and used FLEX and FLEX HD no later than 2021 and 2024, respectively. Plaintiff has continuously used the marks in interstate commerce. The marks are associated with Plaintiff in the United States. Plaintiff's use predates Defendant.

31. The Plaintiff's FLEX HD mark is not confusingly similar to the Defendant's HD INNOVATIONS mark.

## COUNT I – DECLARATORY JUDGMENT REGARDING PRIORITY AND ENTITLEMENT TO TRADEMARK RIGHTS

32. Plaintiff incorporates by reference all prior paragraphs as if fully stated herein.

33. This is an action for declaratory relief arising under the trademark laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

34. An actual, justiciable controversy exists between Plaintiff and Defendant regarding (a) priority of use of the subject trademark in the United States, and (b) the parties' respective rights to federal trademark registration of the mark.

35. Plaintiff has used the FLEX and FLEX HD marks in commerce within the United States in connection with various boat mount products, parts, and accessories since at least 2021 and 2024, respectively, which predates any use or claimed rights of Defendant in the United States.

36. Through such use, Plaintiff has established valid and protectable common law trademark rights in FLEX and FLEX HD in the United States, including priority over Defendant.

37. Defendant has not used HD in commerce in the United States prior to Plaintiff's first use, and any claimed rights by Defendant in the United States are junior to Plaintiff's rights.

38. Defendant has filed one or more trademark applications in the United States, including the 755 Application and 757 Application.

39. Defendant's applications and assertions of rights have created uncertainty and controversy regarding Plaintiff's right to continue using HD.

40. Defendant's applications, if allowed to mature into registration, would cause immediate and irreparable harm to Plaintiff, including but not limited to interference with Plaintiff's business, impairment of its trademark rights, and exposure to claims of infringement.

41. Plaintiff has priority of use of FLEX and FLEX HD in the United States and is the senior user as against Defendant.

42. Defendant is not entitled to registration of HD INNOVATIONS in the United States because:

   a. Defendant lacks priority in the United States;

   b. Registration of Defendant's mark would create a likelihood of confusion with Plaintiff's previously used mark in violation of 15 U.S.C. § 1052(d); and/or

   c. "HD" is a descriptive term and therefore should be a required disclaimer as a non-exclusive term.

43. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights and obligations, and to prevent further harm caused by Defendant's conduct.

WHEREFORE, Plaintiff respectfully requests that the Court issue an order declaring the following:

(a) that Plaintiff has not infringed and is not infringing any valid trademark rights or other intellectual property rights of Defendant;

(b) that Plaintiff is the prior user of the FLEX and FLEX HD marks in the United States

(c) that Defendant has no superior rights to the term HD in the United States

(d) award Plaintiff its reasonable attorneys' fees and its costs here in expended; and

(e) any other and further relief as the Court deems just and proper under the circumstances.

BEATDOWN OUTDOOR PRODUCTS, LLC
D/B/A BEATDOWN OUTDOORS

By:     /Kelly M. Spann/
Kelly M Spann
TM Law & Associates
400 Chesterfield Center, Suite 400
Chesterfield, MO 63017
Tel: (314) 469-2610
kms@trademarkatty.com

Attorney for Plaintiff